THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-7-FL-1
No. 4:13-CV-154-FL

| | |
|---|---|
| ILLYA DEVON SQUIRES, ) | |
| ) | |
| Petitioner, ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on the government's motion to dismiss [DE-57] Petitioner Illya Devon Squires' ("Squires" or "Petitioner") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [DE-53]. The time for responding to the pending motions has expired; accordingly, the motions are ripe for review. These motions were referred to the undersigned and are considered here as a recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1). For the reasons stated below, it is recommended that the government's motion to dismiss be allowed and Petitioner's § 2255 petition be denied.

## I. BACKGROUND

On May 10, 2011, Squires pled guilty pursuant to a written plea agreement to a one-count indictment [DE-1] charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [DE-19, -21]. As a part of the plea agreement, Squires agreed, *inter alia*, to

> waive knowingly and expressly all rights . . . to appeal whatever sentence is imposed, including any issues that relate to the establishment of the Guideline range, reserving only the right to appeal from an upward departure from the Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. 2255, excepting an appeal or motion based upon grounds of ineffective assistance of

counsel or prosecutorial misconduct not known to the Defendant at the time of the
Defendant's guilty plea.

Plea Agreement [DE-21] ¶ 2.c. On February 2, 2012, the district court in sentencing Squires found he had an offense level of 31 and a criminal history category of VI, resulting in an advisory guideline range of 188-235 months. Sentencing Tr. [DE-49] at 30:15-19. However, Petitioner was subject to a mandatory maximum sentence of 120 months, and Petitioner was sentenced to a term of imprisonment of that length and three years of supervised release. *Id.* at 39:4-22; [DE-40]. Petitioner appealed his sentence [DE-42], and the United States Court of Appeals for the Fourth Circuit determined that his appeal was barred by the plea agreement. [DE-50]; *United States v. Squires*, No. 12-4127 (4th Cir. Aug. 27, 2012).

On July 11, 2012, Petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging that (1) counsel was ineffective at the sentencing hearing for failing to argue that the three-point reduction for acceptance of responsibility should have been deducted from the statutory maximum sentence, citing as authority *United States v. Rodriguez*, 64 F.3d 638 (11th Cir. 1995), Pet'r's Mot. [DE-53] at 4-5; and (2) the court failed to consider 18 U.S.C. § 3553(b) and *Rodriguez* in fashioning his sentence, *id.* at 5-7. The government contends that Petitioner cannot satisfy the requirements of *Strickland* with respect to his first ground for relief, Gov't's Mem. [DE-58] at 5-9, and that his second ground is barred by the waiver in his plea agreement, *id.* at 5.

## II. STANDARD OF REVIEW

### A.    28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can

2

presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, 28 U.S.C. § 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). However, where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

**B.    Rule 12(b)(6)**

Rule 12 of the Rules Governing Section 2255 Proceedings ("Habeas Rules") states that, "[t]he Federal Rules of Civil Procedure ... to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992). In a section 2255

3

proceeding the court may consider "the files and records of the case," as well as the pleadings, in deciding whether to dismiss a petitioner's motion. 28 U.S.C. § 2255(b); *see* Habeas Rule 4(b), ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion ....").

A claim is stated under Rule 12(b)(6) if the pleading contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable" to the non-moving party but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

### III. DISCUSSION

#### A. Claim of Ineffective Assistance of Counsel.

Petitioner first argues that he was not rendered constitutionally effective assistance of counsel because his lawyer failed to ask the court to deduct his acceptance of responsibility points from the statutory maximum sentence. Pet'r's Mot. at 4-5. To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's representation was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, the petitioner must overcome a "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). As to the prejudice component,

4

Case 4:11-cr-00007-FL   Document 61   Filed 09/18/14   Page 4 of 9

a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. It is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697 (explaining "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies" or "to address both components of the inquiry if the defendant makes an insufficient showing on one"). Where circumstances exist that are "so likely to prejudice the accused that the cost of litigating their effect is unjustified," such as a complete denial of counsel or where the attorney fails to act as the government's adversary, prejudice is presumed and no independent showing is required. *United States v. Cronic*, 466 U.S. 648, 658-66 (1984).

Here, Petitioner fails to meet either prong of *Strickland*. First, citing *United States v. Rodriguez*, Petitioner argues that his attorney should have asked the court to exercise its discretion to apply the three-level reduction for acceptance of responsibility to the statutory maximum of 120 months as opposed to reducing his offense level in the initial guideline calculation. In *Rodriguez*, the Eleventh Circuit held that "a district court has the discretion to reward a defendant's acceptance of responsibility by departing downward when § 5G1.1(a) renders § 3E1.1 ineffectual in reducing the defendant's actual sentence." *Id.* at 643. However, in the case of *United States v. Fuentes*, 51 F. App'x 378, 379 (4th Cir. Nov. 6, 2002) (unpublished op.), the Fourth Circuit stated that the reasoning of *Rodriguez* has not been adopted in this circuit. *See also Brown v. United States*, No. DKC10-2569, 2013 WL 4562276, at *10 (D. Md. Aug. 27, 2013) (noting the Fourth Circuit has not adopted the reasoning of *Rodriguez*). The court reasoned that such departures are "intended to be

5

rare," explaining as follows:

> While the sentencing court may depart for any factor that is not a forbidden ground for departure under the guidelines, a factor that is designated as a basis for reduction under the guidelines is a discouraged factor for departure. *United States v. Hairston*, 96 F.3d 102, 107 (4th Cir. 1996). The court may depart based on a discouraged factor only if it is "present to such a degree that it cannot be characterized as typical or 'usual.'" *Id.* at 108.

*Fuentes*, 51 F. App'x at 380. The court concluded that the defendant "had received the full benefit of his acceptance of responsibility when his offense level was originally reduced from 38 to 35" and that the district court "did not misinterpret or misapply the guidelines in refusing to depart for acceptance of responsibility." *Id.* at 381; *see also United States v. Hargrove*, 701 F.3d 156, 164 (4th Cir. 2012) (rejecting defendant's argument that because he received the statutory maximum sentence, he received no credit for his acceptance of responsibility, and holding that "a sentence is not per se unreasonable simply because the district court imposes a sentence at the statutory maximum on a defendant who has accepted responsibility."), *cert. dismissed*, 133 S. Ct. 1862 (2013) & *cert. denied*, 133 S. Ct. 2403(2013). The failure to raise a meritless argument does not constitute deficient performance of counsel. *See Ford v. Polk*, No. 5:07-HC-2070-FL, 2008 WL 697462, at *11 (E.D.N.C. Mar. 14, 2008) ("Failure to raise a meritless claim does not fall below 'an objective standard of reasonableness.'") (citations omitted). Thus, because *Rodriguez* is not controlling here and the court did not err in its application of the acceptance of responsibility reduction, counsel's failure to object to thereto based on *Rodriguez* was not deficient.

Further, Petitioner cannot show prejudice as a result of counsel's allegedly deficient performance. The advisory guideline range, as calculated by the district court, was 188-235 months, but the maximum statutory sentence was 120 months. Sentencing Tr. at 30:15-19. The district

6

court, indicating it was "constrained" by the statutory maximum of 120 months, explained its sentence as follows:

> So, as [the government] noted, you've got a pretty significant criminal history, and it's clearly always somebody's fault but yours, it seems. The specific allegations that you make about what your wife did to you aren't supported by the probation officer's investigation, and there's been nothing presented here except your word.
>
> So, I'm compelled to conclude that a sentence of 120 months is a sentence that accomplishes the purposes of sentencing where the Court is constrained by the statutory maximum. But you have received a substantial break by virtue of that maximum, and I hope you'll make the most of it.

*Id.* at 38:23-39:8. These statements by the district court belie Petitioner's assertion that there was a reasonable probability that the outcome of the proceeding would have been different had counsel asked for a downward departure for acceptance of responsibility. Accordingly, Petitioner cannot meet the prejudice prong of *Strickland*, and his claim for ineffective assistance of counsel should be dismissed.

**B.    Claim that District Court Erred in Sentencing.**

Petitioner's second argument is that the district court erred in failing to consider 18 U.S.C. § 3553(b) and *Rodriguez* when applying the acceptance of responsibility reduction. Pet'r's Mot. at 5-7. In his plea agreement, however, Petitioner agreed to waive all rights to appeal or collaterally attack his sentence, including motions for relief pursuant to 28 U.S.C. § 2255, other than on the grounds of ineffective assistance of counsel or prosecutorial misconduct unknown to him at the time of his plea. Plea Agreement at ¶ 2.c.

The court must enforce a waiver in a plea agreement "if it is valid and the issue appealed is within the scope of the waiver." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013); *see also United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) (noting that a petitioner is free to

7

"waive his right to attack his conviction and sentence, so long as the waiver is knowing and voluntary"). This rule applies equally to waiver of direct-appeal rights and waiver of collateral-attack rights. *Lemaster*, 403 F.3d at 220. An appellate waiver is generally considered to be knowing and intelligent where the court specifically questions the defendant about the waiver and the record reflects the defendant understood the significance of the waiver. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005). The Fourth Circuit has identified a narrow class of claims that fall outside the scope of a valid waiver of collateral attack rights and of direct appeal rights: (1) claims that the sentence was imposed in excess of the maximum penalty provided by law, (2) claims that the sentence was based on a constitutionally impermissible factor such as race, or (3) claims that the defendant was deprived of effective assistance of counsel at a proceeding following the entry of the waiver, such as at sentencing. *United States v. March*, No. 3:08-590-CMC, 2012 WL 570183, at *4 (D.S.C. Feb. 22, 2012) (citing *United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994) & *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992)). Moreover, courts typically "refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." *Johnson*, 410 F.3d at 151 (quoting *United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003) (internal quotation marks omitted)).

Here, Petitioner does not dispute that his waiver was knowing and voluntary. Petitioner's claim that the court failed to consider § 3553(b) and *Rodriguez* in fashioning his sentence is not one of ineffective assistance of counsel or prosecutorial misconduct and does not fall within the other enumerated exceptions to the enforcement of a valid plea waiver. *Cf. United States v. Riggleman*, 544 F. App'x 175, 176 (4th Cir. 2013) (concluding district court's decision not to give credit for acceptance of responsibility is a challenge to the manner in which the sentence was determined that

8

fell within the scope of the enforceable appeal waiver), *cert. denied*, 134 S. Ct. 1525 (2014). Thus, Petitioner's claim that the district court erred in failing to consider § 3553(b) and *Rodriguez* when applying the acceptance of responsibility reduction falls squarely within the plea waiver and should be dismissed.

## IV. CONCLUSION

Based on the foregoing, it is RECOMMENDED that the government's motion to dismiss [DE-57] be ALLOWED and Petitioner's § 2255 petition [DE-53] be DENIED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SO SUBMITTED, this the 18th day of September 2014.

Robert B. Jones, Jr.
United States Magistrate Judge